# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

TINA CHEVES,

    Plaintiff,

vs.                                           Case No. 3:24-cv-928-MMH-PDB

STATE FARM MUTUAL
AUTOMOBILE INSURANCE
COMPANY,

    Defendant.
_____/

## O R D E R

**THIS CAUSE** is before the Court on Defendant, State Farm Mutual Automobile Insurance Company's Response to Jurisdictional Order (Doc. 6; Response), filed on October 1, 2024. On September 9, 2024, Defendant State Farm Mutual Automobile Insurance Company filed a notice removing this case from the Circuit Court of the Fourth Judicial Circuit, in and for Duval County, Florida. See Defendant, State Farm Mutual Automobile Insurance Company's Notice of Removal (Doc. 1; Notice) at 1. In the Notice, Defendant invoked this Court's diversity jurisdiction pursuant to 28 U.S.C. § 1332. See id. at 2. On September 10, 2024, the Court entered a Jurisdictional Order (Doc. 6; Order) inquiring into its subject matter jurisdiction over this case. See generally Jurisdictional Order. In the Order, the Court found that Defendant had failed

"to plausibly allege that the amount in controversy exceeds the jurisdictional threshold under 28 U.S.C. § 1332(a)." Id. at 5. Specifically, the Court concluded that it could not "discern whether the amount in controversy is met" because Defendant's assertion "is based on a demand letter that is either not attached or is too vague and conclusory to be given any weight." Id. (citing case law discussing when a pre-suit demand letter is mere posturing). Moreover, the Court found that the "allegations are too conclusory and lack specific supporting facts such that the Court can do no more than speculate or guess as to the amount in controversy." Id. Accordingly, the Court directed Defendant to "provide the Court with sufficient information so that it can determine whether it has diversity jurisdiction over this action." Id. at 6. On October 1, 2024, in an effort to comply with the Court's Order, Defendant filed the Response. However, the Response merely reiterates the same information that the Court previously found to be inadequate. See Response at 2. Defendant again fails to allege any facts sufficient to plausibly demonstrate that the amount in controversy exceeds $75,000. As such, the Court remains unable to conclude that it has subject matter jurisdiction over the instant action. Therefore, this case is due to be remanded to state court.

A removing defendant, as the party invoking the Court's jurisdiction, "bears the burden of proving that federal jurisdiction exists." Williams v. Best Buy Co., Inc., 269 F.3d 1316, 1319 (11th Cir. 2001). In Dart Cherokee Basin

Operating Co. v. Owens, the Supreme Court explained that a defendant's notice of removal must include "a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." 574 U.S. 81, 89 (2014). If the plaintiff contests the allegation, <u>or the court questions it, a defendant must then present evidence establishing that the amount in controversy requirement is met</u>. Id. (citing 28 U.S.C. § 1446(c)(2)(B)); see also Dudley v. Eli Lilly & Co., 778 F.3d 909, 912 (11th Cir. 2014). "A conclusory allegation in the notice of removal that the jurisdictional amount is satisfied, without setting forth the underlying facts supporting such an assertion, is insufficient to meet the defendant's burden." Williams, 269 F.3d at 1320. Indeed, the Court may not speculate or guess as to the amount in controversy. See Pretka v. Kolter City Plaza II, Inc., 608 F.3d 744, 752 (11th Cir. 2010). Rather, a removing defendant should make "specific factual allegations establishing jurisdiction" and be prepared to "support them (if challenged by the plaintiff or the court) with evidence combined with reasonable deductions, reasonable inferences, or other reasonable extrapolations." Id. at 754. In those circumstances, a court is able to determine the amount in controversy without relying on impermissible "conjecture, speculation, or star gazing." Id.

In the Response, Defendant reattaches the same conclusory demand letter that the Court previously found to be inadequate. Defendant appears to contend that the demand letter is not inadequate because Plaintiff included

medical records and bills, but notably, Defendant does not submit those records for the Court's review, or even describe the injuries or treatment reflected in those records. Defendant also declines to reveal the total amount of Plaintiff's medical expenses reflected in those bills. Instead, Defendant explains that the parties have not yet exchanged any discovery such that Plaintiff "currently possesses more information regarding the scope of Plaintiff's alleged injuries and damages than Defendant." See Response at 2. Plainly, Defendant lacks a plausible basis for asserting that the amount in controversy exceeds $75,000 and its removal of this action was premature.[1]

The limited and vague information in the record is insufficient to meet Defendant's "burden of proving that federal jurisdiction exists." Williams, 269 F.3d at 1319. The Court can do nothing more than speculate as to the nature of Plaintiff's injuries or the scope of her medical treatment. In light of the foregoing, the Court determines that, despite the Court's guidance and an additional opportunity to do so, Defendant has failed to satisfactorily allege that the amount in controversy in this case exceeds § 1332(a)'s jurisdictional threshold.

Accordingly, it is

**ORDERED:**

---

[1] Indeed, the Court questions whether in filing the Notice, counsel complied with the obligations imposed by Rule 11 of the Federal Rules of Civil Procedure.

1. This case is **REMANDED** without prejudice to the Circuit Court of the Fourth Judicial Circuit, in and for Duval County, Florida.[2]

2. The Clerk of the Court is **DIRECTED** to transmit a certified copy of this Order to the clerk of that court.

3. The Clerk of the Court is further **DIRECTED** to terminate any pending motions and deadlines as moot and close the file.

**DONE AND ORDERED** in Jacksonville, Florida, on October 3, 2024.

MARCIA MORALES HOWARD
United States District Judge

lc11
Copies to:

Counsel of Record

Clerk, Circuit Court, Fourth Judicial Circuit,
in and for Duval County, Florida

---

[2] In state court, Defendant can engage in discovery pursuant to the relevant Florida Rules of Civil Procedure. If, through such discovery, Defendant ascertains that the case is one which is or has become removable, Defendant may consider filing another notice of removal, if timely, pursuant to 28 U.S.C. § 1446.